UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MC PRODUCE, INC., | ) |
|       Plaintiff, | ) ) ) |
|       vs. | )    Case No. 1:09CV19 CDP ) |
| AGGRESSIVE DEVELOPMENTS OF MISSOURI, L.L.C., et al., | ) ) ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on defendants' motion to dismiss. Plaintiff alleges that it sold and delivered produce to defendants, but defendants never paid for it. In its complaint, plaintiff seeks enforcement of a statutory trust created under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §§ 499a-499t, and also brings state law claims for breaches of contract and fiduciary duty. Defendants move to dismiss plaintiff's federal claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), arguing that they are not subject to PACA because they do not meet the statute's threshold requirements for produce transactions.[1]

---

[1] Defendants also argue that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims in the event that the federal claims are dismissed.

The purpose of a Federal Rule of Civil Procedure 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). To decide this issue I must first determine whether defendants are bringing a facial attack or a factual attack on jurisdiction. Id. at 729 n.6. Here, both parties agree that defendants have raised a factual challenge to jurisdiction. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). Because subject matter jurisdiction goes directly to the court's power to hear the case, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn, 918 F.2d at 730. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Id. at 729. Additionally, in defending a factual attack, the plaintiff carries the burden of proof that jurisdiction exists. Id. at 730.

To support their motion, defendants have submitted an affidavit attesting that they are not subject to PACA because they do not purchase the requisite amount of produce.[2]  In opposition to the motion to dismiss, plaintiff responds that the motion to dismiss is premature because the factual record has not yet been developed.  Alternatively, plaintiff contends that it needs to conduct discovery on jurisdictional issues before I decide the motion to dismiss.

The motion to dismiss is not premature because I am required to determine whether I have jurisdiction to proceed in this matter at the outset of the case.  See, Osborn, 918 F.2d at 729.  However, I agree that plaintiff should be allowed to conduct discovery to respond to defendants' factual attack on jurisdiction.  After limited discovery, I may set the motion for an evidentiary hearing to hear the evidence and resolve any disputed factual issues that are necessary for me to decide in my consideration of subject matter jurisdiction.  See id. at 729-30.

Therefore, I would like the parties to confer and agree on a joint proposed discovery schedule limited to jurisdictional issues only.  The schedule shall include a proposed evidentiary hearing date, as well as dates for plaintiff to file a brief in opposition to the pending motion to dismiss and for defendants to file a

---

[2] Defendants argue that they are not "dealers" -- and therefore not subject to PACA -- under 7 U.S.C. § 499a(6)(B) because their invoice costs of purchases of perishable agricultural commodities in any such calendar year do not exceed $230,000.00.

reply brief in support of the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall file a joint proposed discovery schedule in compliance with this Memorandum and Order by **May 22, 2009.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2009.